UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUARTERNORTH ENERGY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1211** |
| **CRESCENT MIDSTREAM, LLC et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

This litigation arises from the rupture of a 10-inch oil pipeline in the Gulf of Mexico on May 14, 2021.[1] Plaintiff QuarterNorth Energy, LLC ("Plaintiff") brings claims against Defendants Crescent Midstream, LLC ("Crescent"), DLS, LLC ("DLS"), and Morris P. Hebert, Inc. ("Hebert") to recover damages allegedly sustained following the rupture.[2] Plaintiff alleges that Fieldwood Energy, LLC ("Fieldwood") assigned to Plaintiff any claims pertaining to the rupture.[3] Before the Court is Crescent's Motion to Dismiss.[4] In the motion to dismiss, Crescent argues that Plaintiff does not have the procedural capacity to maintain this suit as an alleged assignee of Fieldwood because the assignment is invalid under Louisiana law.[5] Plaintiff opposes the motion to dismiss and argues that Louisiana law recognizes Fieldwood's right to assign its causes of action to Plaintiff.[6] Also pending before the Court is a joint motion to stay discovery pending ruling on the

---

[1] Rec. Doc. 10 at 3.

[2] *Id.* at 1–2.

[3] *Id.* at 1.

[4] Rec. Doc. 21.

[5] Rec. Doc. 21-1.

[6] Rec. Doc. 24.

1

motion to dismiss.[7] For the reasons discussed in detail below, Crescent has not shown that the assignment violated Louisiana law. Accordingly, considering the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion to dismiss and denies the motion to stay discovery as moot.

## I. Background

On May 3, 2022, Plaintiff filed a Complaint in this Court against Crescent, DLS, and Hebert.[8] On May 10, 2022, Plaintiff filed an Amended Complaint.[9] Plaintiff alleges that it is "an upstream exploration and production energy company that operates numerous offshore platforms, wells and pipelines in the Gulf of Mexico, including the Pipeline, which was laid in 1976 and assigned Segment Number 10268, and which has one of its terminals at the Main Pass 69 Pipeline Facility" (the "Facility").[10] Plaintiff states that it receives certain revenues, moneys and charges from its customers to transport oil through the pipeline.[11]

Plaintiff alleges that Crescent owns and operates the Facility, which has received oil from the pipeline since it was first installed in 1976.[12] According to the Amended Complaint, on May 14, 2021, while driving sheet piles as part of an erosion mitigation project on the eastern side, the northeastern corner and the northern side of the Facility, Crescent and DLS ruptured the pipeline

---

[7] Rec. Doc. 34.

[8] Rec. Doc. 1.

[9] Rec. Doc. 10.

[10] *Id*. at 2–3. In the Amended Complaint, Plaintiff refers to both QuarterNorth Energy, LLC and Fieldwood Energy, LLC as "QuarterNorth." *Id.* at 1. Therefore, it is impossible to ascertain which entity Plaintiff is referring to when making these allegations.

[11] *Id*. at 3.

[12] *Id*.

2

causing [P]laintiff's damages."[13] Plaintiff alleges that it was required to shut down the pipeline and production from its wells due to the rupture.[14] Plaintiff brings claims under Louisiana law for negligence and strict liability.[15]

On July 1, 2022, Crescent filed the instant Motion to Dismiss.[16] On August 2, 2022, Plaintiff filed an opposition to the motion to dismiss.[17] On August 5, 2022, Crescent filed a reply in further support of the motion to dismiss.[18] On September 21, 2022, the parties filed the joint motion to stay discovery pending ruling on the motion to dismiss.[19]

## II. Parties' Arguments

### A.  *Crescent's Arguments in Support of the Motion to Dismiss*

Crescent moves the Court to dismiss all claims pending against it under Federal Rule of Civil Procedure 12(b)(6).[20] Crescent asserts that Plaintiff "has failed to allege its basis and standing for bringing this action and therefore failed to state a claim on which relief can be granted."[21] Crescent argues that beyond the conclusory statement that Plaintiff is an assignee of Fieldwood, the Amended Complaint is devoid of facts "indicating the nature of [Plaintiff's] relationship to

---

[13] *Id*.

[14] *Id*.

[15] *Id*. at 4.

[16] Rec. Doc. 21.

[17] Rec. Doc. 24.

[18] Rec. Doc. 27.

[19] Rec. Doc. 34.

[20] Rec. Doc. 21 at 1.

[21] *Id.*

3

Fieldwood, Fieldwood's relationship to this matter, or [Plaintiff's] relationship to the alleged damages it seeks."[22] Crescent contends that Plaintiff does not allege that it owned the pipeline or that it had any relationship to the pipeline.[23]

Crescent argues that Louisiana law does not provide for the enforceability of the right as alleged in the Amended Complaint.[24] Crescent acknowledges that Louisiana allows for the transfer of an existing suit by assignment.[25] However, Crescent asserts that "for a litigious right to be possessed by an assignor, and assigned to another, the assignor must have first instituted a pending action."[26] Crescent contends that Fieldwood did not institute a claim against Crescent, and therefore there was no pre-existing claim that could be assigned to Plaintiff.[27] Therefore, Crescent argues that Plaintiff has failed to assert a claim against Crescent upon which relief could be granted.[28]

B. *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff argues that the motion to dismiss is baseless.[29] Plaintiff asserts that the principal error in Crescent's analysis is its mischaracterization of Fieldwood's assignment to

---

[22] Rec. Doc. 21-1 at 2.

[23] *Id*.

[24] *Id*. at 5.

[25] *Id*. at 6.

[26] *Id*.

[27] *Id*.

[28] *Id*.

[29] Rec. Doc. 24.

Plaintiff as somehow qualifying as an assignment of a "litigious right."[30] Plaintiff points out that the Amended Complaint expressly alleges that Fieldwood assigned "its previously unasserted claim, a/k/a cause of action" to Plaintiff.[31] Plaintiff submits that Louisiana Civil Code article 2642 allows for the assignment of all rights except those pertaining to obligations that are strictly personal.[32] Therefore, Plaintiff contends that Louisiana law clearly allowed Fieldwood to assign its right to assert a claim against Defendants to Plaintiff.[33] Finally, Plaintiff asserts that it has standing to bring this suit as an assignee of Fieldwood, and it is the real party in interest by virtue of the assignment.[34]

C.  *Crescent's Arguments in Further Support of the Motion to Dismiss*

In reply, Crescent argues that Plaintiff has still failed to provide specific information on the basis for the assignment.[35] Crescent submits that "[t]here are a multitude of both legitimate and illegitimate manners in which certain rights may be assigned under Louisiana State law, and . . . the potential basis and form of plaintiff's allegedly assigned rights is vastly varied."[36] Crescent points out that Plaintiff acknowledges that strictly personal rights cannot be assigned.[37] Crescent

---

[30] *Id*. at 3.

[31] *Id*.

[32] *Id*. at 4.

[33] *Id*. at 5.

[34] *Id*. at 6–7.

[35] Rec. Doc. 27 at 2.

[36] *Id.*

[37] *Id.* at 3.

contends that Plaintiff's vague assertion "allows for the distinct probability that the assignment . . . is barred under Louisiana law as the assignment of a strictly personal right."[38]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[39] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[40] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[41] "Factual allegations must be enough to raise a right to relief above the speculative level."[42] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[43]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[44] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[45] "While legal conclusions

---

[38] *Id.*

[39] Fed. R. Civ. P. 12(b)(6).

[40] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[42] *Twombly*, 550 U.S. at 555.

[43] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[44] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[45] *Iqbal*, 556 U.S. at 678–79.

Case 2:22-cv-01211-NJB-DPC Document 35 Filed 09/26/22 Page 7 of 12

can provide the framework of a complaint, they must be supported by factual allegations."[46] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[47] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[48] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[49] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[50] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[51]

## IV. Analysis

The instant motion to dismiss presents one discrete issue. Crescent argues that Plaintiff does not have the procedural capacity to maintain this suit as an alleged assignee of Fieldwood because the assignment is invalid under Louisiana law.[52] Plaintiff opposes the motion to dismiss and argues that Louisiana law recognizes Fieldwood's right to assign its causes of action to

---

[46] *Id.* at 679.

[47] *Id.* at 678.

[48] *Id.*

[49] *Id.*

[50] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[51] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[52] Rec. Doc. 21-1.

7

Plaintiff.[53]

Under the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest."[54] "The 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery."[55] "A federal court sitting in diversity must look to state law to determine which party holds the substantive right."[56] Thus, to determine the real party in interest in this action, it is necessary to determine which party holds the substantive right sought to be enforced under Louisiana law.[57]

Louisiana Civil Code article 2642 provides that "[a]ll rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor." Therefore, Fieldwood could assign any rights it had to Plaintiff, unless those rights were "strictly personal." A "strictly personal" obligation is one that "can be enforced only by the obligee, or only against the obligor."[58] The Louisiana Supreme

---

[53] Rec. Doc. 24.

[54] Fed. R. Civ. P. 17(a).

[55] *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (internal citation omitted).

[56] *Farrell Const. Co. v. Jefferson Par.*, 896 F.2d 136, 140 (5th Cir. 1990).

[57] *Id.*

[58] La. Civ. Code art. 1766. Article 1766 also provides:

> When the performance requires the special skill or qualification of the obligor, the obligation is presumed to be strictly personal on the part of the obligor. All obligations to perform personal services are presumed to be strictly personal on the part of the obligor.
>
> When the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal on the part of that obligee.

Court has stated that "a victim's action for recovery of tort damages is not strictly personal."[59] Although this statement clearly seems to suggest that a tort claim can be assigned to another because it is not strictly personal, Crescent has identified some ambiguities in Louisiana law regarding whether an entity can assign to another the right to sue.

Crescent argues that the right to sue cannot be assigned, but rather a cause of action can only be assigned after a suit was filed by the assignor. To support this assertion, Crescent relies primarily on *Conerly Corporation v. Regions Bank*, a case decided in 2009 by another district judge in the Eastern District of Louisiana.[60] There, the district court found that "under Louisiana law a tort claim may be assigned only after it has been filed by the tort victim" because the right to sue is an unassignable strictly personal obligation.[61]

In support of this conclusion, the district court in *Conerly* primarily based its reasoning on the Louisiana Supreme Court's decisions in *Nathan v. Touro Infirmary*[62] and *Guidry v. Theriot*.[63] Those cases involved the inheritability of medical malpractice actions after the commencement of the action by the tort victim.[64] In both cases, the Louisiana Supreme Court emphasized the fact that the patients had asserted their rights by filing a claim prior to death, which created property rights that were inheritable.[65] Since the tort claim at issue in *Conerly* had not been filed by the tort

---

[59] *Nathan v. Touro Infirmary*, 512 So. 2d 352, 354 (La. 1987); *see also Guidry v. Theriot*, 377 So. 2d 319, 323 (La. 1979) (same), *abrogated on other grounds by Louviere v. Shell Oil Co.*, 440 So. 2d 93 (La. 1983).

[60] 668 F.Supp.2d 816 (E.D. La. 2009).

[61] *Id.* at 825–26.

[62] *Nathan*, 512 So. 2d at 352.

[63] *Guidry*, 377 So. 2d at 319.

[64] *Conerly*, 668 F.Supp.2d at 824; *See also Taylor v. Babin*, 08-2063 (La. App. 1 Cir. 5/8/09); 13 So. 3d 633, 637 (discussing *Nathan*, 512 So. 2d at 352; *Guidry*, 377 So. 2d at 319).

[65] *See Taylor v. Babin*, 08-2063 (La. App. 1 Cir. 5/8/09); 13 So. 3d 633, 637 (citing *Nathan*, 512 So. 2d at

9

victim before the assignment, the district court concluded that "in Louisiana a tort claim may be assigned only if it is specifically identified and in existence at the time of the assignment."[66]

Plaintiff relies on a more recent case, *Smith v. Citadel Insurance Company*,[67] which was decided by the Louisiana Supreme Court in 2019. In *Smith*, a judgment debtor assigned to a judgment creditor her right to assert a bad faith claim against her insurance company.[68] The insurance company argued that "the right to file a lawsuit is a strictly personal right, creating a strictly personal obligation, and thus cannot be assigned pursuant to [Article] 2642."[69] The Louisiana Supreme Court rejected this argument and found that the judgment debtor's "right to file a lawsuit against [the insurance company] could be validly assigned to [the judgment creditor] pursuant to Article 2642."[70]

In *Smith*, the Louisiana Supreme Court cited approvingly *Wood v. Zor, Inc.*,[71] a prior decision of the Louisiana Fifth Circuit Court of Appeal. There, the court of appeal distinguished between a litigious right and a right which is not yet in litigation.[72] The court explained that "[a]

---

352; *Guidry*, 377 So. 2d at 319).

[66] *Conerly*, 668 F.Supp.2d at 827.

[67] 19-52 (La. 10/22/19); 285 So. 3d 1062.

[68] *Id.* at 1064.

[69] *Id.* at 1065.

[70] *Id.* at 1066. The *Conerly* court differentiated between the assignability of contract claims and tort claims. Louisiana courts have explained that a bad faith insurance claim arises from an insurer's violation of its statutory duties, not from the contract of insurance itself, and therefore such claims are not contractual in nature. *Johno v. Doe*, 15-737 (La. App. 4 Cir. 3/9/16); 187 So. 3d 581, 585, *writ denied*, 16-0777 (La. 6/17/16); 192 So. 3d 769 (citing *Wegener v. Lafayette Ins. Co.*, 10-810, p. 12 (La. 3/15/11); 60 So. 3d 1220, 1229; *Durio v. Horace Mann Ins. Co.*, 11-84, p. 18 (La. 10/25/11); 74 So. 3d 1159, 1170). Accordingly, since the bad faith insurance claim is more akin to a tort claim than a contract claim, *Smith* supports the proposition that tort claims can be assigned before a suit is filed.

[71] 154 So. 2d 632 (La. App. 4 Cir. 1963).

[72] *Id.* at 635.

right is said to be Litigious, whenever there exists a suit and contestation on the same."[73] The court found that "a right which is not yet in litigation, even though it cannot be enforced unless contested in a lawsuit, is not a litigious right . . . and may be validly purchased."[74]

Considering this authority, the Court finds that Fieldwood's assignment to Plaintiff of the right to sue was not per se invalid under Louisiana law. The Court notes that the instant Rule 12(b)(6) motion is limited to one discrete issue—whether the right to sue can be assigned to another under Louisiana law. The Louisiana Supreme Court's holding in *Smith* suggests that such an assignment is valid. On the instant motion, the Court must accept the allegations in the Amended Complaint as true. Plaintiff alleges that it "is the assignee Fieldwood . . . for the claim pertaining to the rupture of the 10-inch oil pipeline at issue in this civil action."[75] Crescent suggests that additional information is needed on the scope and nature of the assignment. Crescent does not cite any authority to support its argument that additional allegations on the scope and nature of the assignment should have been included in the Amended Complaint. This information can be developed during discovery. If the information developed during discovery reveals some other alleged defect with the assignment, such issues would be more properly addressed on a motion for summary judgment.

Accordingly,

---

[73] *Id.*

[74] *Id.* (internal citations omitted). *See also Sanderson v. H.I.G. P-XI Holding, Inc.*, No. 99-3313, 2001 WL 245788, at *2 (E.D. La. Mar. 9, 2001).

[75] Rec. Doc. 10 at 1.

**IT IS HEREBY ORDERED** that Crescent's Motion to Dismiss[76] is **DENIED**.

**IT IS FURTHER ORDERED** that the joint motion to stay discovery pending ruling on the motion to dismiss[77] is **MOOT**.

**NEW ORLEANS, LOUISIANA,** this 26th day of September, 2022.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[76] Rec. Doc. 21.

[77] Rec. Doc. 34.