UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| QUARTERNORTH ENERGY, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1211 |
| CRESCENT MIDSTREAM, LLC, ET AL. | * | SECTION "G" (2) |

**ORDER AND REASONS**

Plaintiff QuarterNorth Energy, LLC filed a Motion to Deem Requests for Admission Admitted on the basis that Defendant Crescent City Midstream, LLC submitted responses one day late. ECF No. 102. Defendant timely filed an Opposition Memorandum, arguing that it responded on the 30th day after service. ECF No. 108. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Deem Requests for Admission Admitted (ECF No. 102) is DENIED.

**I.   BACKGROUND**

Plaintiff QuarterNorth Energy, LLC ("QuarterNorth") filed suit to recover for damages arising from Defendants' alleged rupture of a pipeline during sheet pile driving activities at Crescent's facility. ECF No. 44.

On June 6, 2023, QuarterNorth served, via email, Requests for Admission on Crescent. ECF No. 102-2 at 8. On July 7, 2023, Crescent served its written responses "by mail, fax, and/or email." ECF No. 102-4 at 26. QuarterNorth contends that Crescent's responses were due on July 6, so the July 7 responses were late and Crescent has not moved to withdraw the admissions. ECF No. 102-1 at 1-2. In Opposition, Crescent argues that the June 6th day of service does not count, so the 30-day time period begins to run on June 7, and because the month of June has 30 days, its responses sent on July 7 are timely. ECF No. 108 at 1-2, 4.

1

**II.     APPLICABLE LAW AND ANALYSIS**

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1)(A). Subsection (a)(3) provides, in pertinent part: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Resolution of this motion requires analysis of Rules 5 and 6 of the Federal Rules of Civil Procedure, which govern manners of service and computation of time. Rule 5(b)(2) explains how service is made:

> (2) Service in General. A paper is served under this rule by:
>     (A) handing it to the person;
>     (B) leaving it:
>         . . .
>     (C) mailing it to the person's last known address—in which event service is complete upon mailing;
>     (D) leaving it with the court clerk if the person has no known address;
>     (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
>     (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Rule 6 explains how time periods are computed:

> (a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>     (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>         (A) exclude the day of the event that triggers the period;
>         (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
>
> . . .
>
> (d) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

Crescent's 30-day calculation is patently incorrect. Crescent may not ignore the June 6 service date to begin calculating from June 7 and then also not count June 7 in the 30-day period. A simple review of the calendar makes the calculation clear:

| June 2023 | | | | | | |
|---|---|---|---|---|---|---|
| SU | MO | TU | WE | TH | FR | SA |
| 28 | 29 | 30 | 31 | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

| July 2023 | | | | | | |
|---|---|---|---|---|---|---|
| SU | MO | TU | WE | TH | FR | SA |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | 1 | 2 | 3 | 4 | 5 |

Counting June 7 as day 1, as required by FED. R. CIV. P. 6(a)(1)(A), day 30 falls on July 6, 2023. Crescent's responses served on July 7 are thus untimely, but only if QuarterNorth can establish that the 30-day response period runs from June 6, as asserted in its motion.

The exhibits to QuarterNorth's motion, however, do not support a finding that service was effected on June 6. QuarterNorth's motion reflects that it propounded Requests for Admission via email on June 6. ECF No. 102-8. Although service via electronic means is effective immediately when the person served has consented to same in writing, QuarterNorth has not submitted any evidence to the court to establish that either Crescent or its counsel agreed in writing to service by e-mail, as required by Rule 5(b)(2)(E). Absent evidence of written consent to service via email, the court cannot find that Crescent has established that it served the discovery on June 6, 2023.

*See, e.g., Mitchell v. University of Louisiana System*, No. 13-820, 2015 WL 1540532, at *4 (M.D. La. Apr. 7, 2015) (Bourgeois, M.J.) (basing calculation on date of U.S. mailing when certificate reflected service via email and U.S. Mail in the absence of proof of written consent to accept service via email); *Tubwell v. Specialized Loan Servicing, LLC*, No. 17-15, 2018 WL 11417595, at *2 (N.D. Miss. Aug. 21, 2018) (holding that service is incomplete when service attempted via email in the absence of written consent under Rule 5(b)(2)(E) and rejecting argument that a party waived any objection to service of discovery via email based on history of communicating via email throughout litigation), *appeal dismissed*, No. 17-15, 2019 WL 1421156 (N.D. Miss. Mar. 29, 2019).

Even if QuarterNorth had established Crescent's consent to service via email and thus Crescent's July 7 responses were one day late, QuarterNorth has not identified what possible prejudice it has suffered by the one-day delay. *Birdo v. Carl*, 32 F.3d 565 (5th Cir. 1994) (unreported) (stating that, considering the significant interests in resolving disputes on the merits, absent extreme circumstances, it would not be an abuse of discretion to allow answers to admissions to be filed one day late).

### III. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that QuarterNorth's Motion to Deem Requests for Admission Admitted (ECF No. 102) is DENIED.

New Orleans, Louisiana, this \_\_\_16th\_\_\_ day of August, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE